UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NATHANIEL L. ADDERLY, :
:
    Plaintiff :
:
  v. : CIVIL NO. 3:CV-13-1465
:
SUPT. LAUREL HARRY, et al., : (Judge Kosik)
:
    Defendants :

**MEMORANDUM**

    Nathaniel L. Adderly, an inmate confined at the State Correctional Institution at Houtzdale, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, challenging the conditions of confinement at SCI-Camp Hill, his former place of incarceration. Named as defendants are fifteen (15) SCI-Camp Hill employees. Pending before the court is Plaintiff's motion seeking reconsideration of the court's Memorandum and Order dated September 29, 2014, granting in part and denying in part Defendants' motion to dismiss the complaint.[1] (Doc. 25.) For the reasons that follow, the motion will be denied.

---

[1] The motion to dismiss was filed on behalf of all Defendants with the exception of Defendant Gramble, who has not been served with the complaint. The Department of Corrections did not accept service on Gramble's behalf in that they were unable to identify him. In addressing Defendants' motion to dismiss, Plaintiff was afforded time within which to provide the court with an accurate name/address for said defendant to allow service. (Doc. 22, n. 2.)

**I.      Background**

In his complaint, Plaintiff names the following SCI-Camp Hill employees as defendants: Briggs, Cook, Davy, Harry, Kerstetter, Klopotoski, Lewis, Meintel, McNeal, Mitchell, Reisinger, Schultz, Gramble and the Program Review Committee. The claims alleged are fully set forth in the court's Memorandum of September 29, 2014, and include the following: denial of exercise yard for three (3) days; retaliation; three (3) instances of excessive force; verbal harassment; placement in a restrictive cell with only a concrete bed frame, plexi-glass door shield, modified food aperture and no running water for three (3) months; the issuance of three (3) retaliatory misconducts; the denial of three (3) meals over the course of two (2) days; the denial of due process in misconduct hearings; the dumping of Plaintiff's food on the floor on one (1) occasion; the upholding of the denial of grievances on appeal; and the denial of medical treatment on one (1) occasion. (Doc. 22 at 3-6.)

On September 29, 2014, the court addressed a motion to dismiss the complaint filed by all Defendants except Defendant Gramble, who has never been served with the complaint. Following careful evaluation, the motion was granted in part to the extent that the following claims were dismissed: all claims for money damages against Defendants in their official capacities; all claims set forth against Defendants Harry, Meintel, Klopotoski, Lewis and Davy for lack of personal involvement; the conditions of confinement claims of a leaky toilet, lack of yard for three (3) days,

denial of food, and the furnishings of the restrictive cell; the verbal harassment claims; the issuance of false misconducts and the denial of due process, the first and third excessive force claims; and the retaliation claim associated with the denial of exercise yard. (Doc. 22.)

The motion to dismiss was denied with respect to the following claims: the termination of water by Defendants McNeal and Briggs; the excessive force claim against Defendant Briggs on November 19, 2012; the retaliatory issuance of misconduct charges claims; and the inadequate medical care claim against Defendant Cook. With respect to said medical care claim, Plaintiff was afforded fourteen (14) days within which to file any amendment providing further details with respect to the claim. In the complaint, he merely alleged that on December 26, 2012, Defendant Cook denied him medical treatment by not permitting him to attend a medical appointment. He failed to specify the basis of the appointment or identify any serious medical condition. (Id.)

Defendants were directed to file their answer with respect to the remaining claims within thirty (30) days. In addition, Plaintiff was directed to provide the court with information to allow service of the complaint on Defendant Gramble within fifteen (15) days. (Doc. 23.)

On November 19, 2014, Plaintiff filed the pending motion for reconsideration with respect to portions of the court's decision of September 29, 2014. (Doc. 25.) A

3

brief in support thereof has also been filed. (Doc. 26.) On December 12, 2014, Plaintiff filed his amendment to the complaint with respect to the inadequate medical care claim against Defendant Cook. (Doc. 27.)

## II.    Motion for Reconsideration Standard

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Because "federal courts have a strong interest in the finality of judgments," United States v. Hoey, No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011)(citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, see Berry v. Jacobs IMC, LLC, 99 F. App'x 405, 410 (3d Cir. 2004).

The court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. United States v. Banks, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008)(citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court, see Hoey, 2011 WL 748152, at

4

*2 (citation omitted), or for addressing arguments that a party should have raised earlier, see United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010)(quotations omitted).  Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue.  Hoey, 2011 WL 748152, at *2.  The mere dissatisfaction with the court's ruling is not a proper basis for reconsideration. Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d 485, 487 (E.D. Pa. 1999).

### III. Discussion

Plaintiff first acknowledges that his motion for reconsideration is not timely. However, he explains to the court that he was transferred multiple times to several facilities during the relevant time period, causing the court's Memorandum and Order to be forwarded to him multiple times.  He states that he never received a copy of the decision until on or about October 28, 2014.  Due to his delayed receipt, he was not able to timely submit his motion for reconsideration or amendment to the inadequate medical care claim.  In his motion, he also states that he is unable to provide information as to the proper identity/address for "Defendant Gramble" without assistance from Defendants.

The court will accept the motion as timely, and will address the claims therein. In addition, the court will accept the amendment submitted with respect to the Plaintiff's inadequate medical care claim. (Doc. 27.)  The standing complaint in this

action will be construed to consist of the claims that survived the motion to dismiss as set forth in Documents 1 and 27. He also states that he is unable to provide the court with the proper identity for Defendant Gramble to allow service. To identify this defendant, he requests that the court order Defendants to supply him with the names and pictures of all officers who were on A-Block yard duty on the relevant dates in the complaint where "Defendant Gramble" is mentioned, including November 16-18, 2012. He further states that the Defendant he seeks to include is one of the officers involved in the allegations referenced in Defendant Schultz's misconduct report #106961 that is attached as an exhibit to the complaint. Plaintiff believed his name to be "Gramble" in that he could see the letters "GRA" and "L" and possibly a "B" on the name tag on his jacket.

While the court will not direct Defendants to provide Plaintiff with the names and photographs he requests, Defendants will be directed to assist in the identification of the unserved Defendant. Defendants shall advise Plaintiff within twenty (20) days of the identity of any officer who was on A-Block yard duty on the dates referenced above, and who has a last name containing the letters Plaintiff believes he saw on his name tag.

In seeking reconsideration, Plaintiff does not challenge all of the decisions made by the court. Rather, he takes issue with the dismissal of (1) the due process claims against Hearing Examiner Reisinger and (2) the denial of meals on three

occasions (lunch on 11/18/12 and breakfast and lunch on 11/19/12).

Without unnecessary elaboration, for the reasons set forth in the court's Memorandum of September 29, 2014, reconsideration of the dismissal of the due process claims will be denied. (Doc. 22 at 13-16.) The right to due process is not triggered unless the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472, 484 (1995). Under the alleged facts of the case, Plaintiff did not have a liberty interest in remaining free from disciplinary confinement and the procedural due process protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974) do not apply.

With respect to the denial of a meal on three occasions, the court also finds that Plaintiff's motion for reconsideration is without merit. It is well-established that the "purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation." See Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983). Only a substantial deprivation of food rises to the level of an Eighth Amendment violation. See Lindsey v. O'Connor, 327 F. App'x 319, 321 (3d Cir. 2009); Ball v. Craver, Civ. No. 11-1831, 2012 WL 2122186 (May 2, 2012).

While Plaintiff attempts to rely on an Eighth Circuit case wherein the court found that the inmates' Eighth Amendment rights were violated when they were denied four consecutive meals, see Simmons v. Cook, 154 F.3d 805 (1998), we find

7

this case to be distinguishable on several fronts. In reaching this holding, the court found an Eighth Amendment violation based on the totality of the conditions of the plaintiffs' confinement. They were paraplegic, wheelchair bound inmates confined in inadequate maximum security cells where the defendants made sure that the plaintiffs were unable to access their food trays (their wheelchairs could not reach the food slots), and were not given the appropriate supplies and assistance so that they could have bowel movements. The court found that "[s]uch conditions denied [plaintiffs] 'the minimal civilized measure of life's necessities.'" Id. at 808, citing Farmer v. Brennan, 511 U.S. 825, 832 (1994).

In the instant case, Plaintiff alleges that he was denied lunch on November 18, 2012, and breakfast and lunch on November 19, 2012. However, he received breakfast and dinner on November 18, 2012, and dinner on November 19, 2012. The court finds that such facts, and the absence of any other conditions of confinement claims, alleged to have occurred in combination with such deprivations on these dates, fails to state a claim under the Eighth Amendment. For these reasons, the pending motion for reconsideration will be denied. An appropriate order will issue.